IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
CORNERSTONE CONTRACTORS
OF NEW MEXICO, LLC, a New Mexico
Limited liability company,

      Plaintiff,

vs.                                                      Civ. No. 23-1047 LF/SCY

INTEGRATED WATER SERVICES, INC.,
a foreign corporation; and EVEREST
REINSURANCE COMPANY, a
foreign corporation,

      Defendants.

## ORDER TO FILE RULE 7.1 NOTICE AND TO AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendants Integrated Water Services and Everest Reinsurance Company on November 22, 2023. Doc. 1. Defendants removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 9. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of

citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

Here, in order to meet the diversity of citizenship requirement, the Notice of Removal recites that: (1) "Defendant Integrated Water Services, Inc., is a corporation incorporated in the State of Colorado with headquarters in Longmont, Colorado," Doc. 1 ¶ 3; (2) "Defendant Everest Reinsurance Company is a corporation registered in the State of Delaware with a principal office in Liberty Corner, New Jersey," *id.* ¶ 4; and (3) Plaintiff Cornerstone Contractors is a limited liability company incorporated in the State of New Mexico with its principal office in Albuquerque, New Mexico," *id.* ¶ 5.[1] Defendants later state that

> Barring the State of New Mexico as a nominal party, the parties in this action are completely diverse. Plaintiff Cornerstone Contractors, LLC, is a citizen of New Mexico, being incorporated and headquartered in New Mexico. Defendant Integrated Water Services, Inc., is incorporated and headquartered in Colorado. Everest Reinsurance Company is incorporated in Delaware and headquartered in New Jersey. All parties are incorporated and have headquarters in entirely disparate states. The parties are completely diverse.

Doc. 1 ¶ 17.

But determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which

---

[1] While the caption of the case lists the plaintiff as "State of New Mexico *ex rel.* Cornerstone Contractors of New Mexico, LLC," Defendants assert in the Notice of Removal that "[t]he State of New Mexico is a nominal party and does not factor into the determination of diversity jurisdiction." Doc. 1 ¶ 16. The Court need not opine on this assertion because, even accepting it as true, Defendants fail to establish complete diversity.

it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"); *see also* NMSA § 53-19-7 (an LLC is an association of persons).

Plaintiff Cornerstone Contractors, LLC appears by name to be an LLC. Indeed, the screenshot from the New Mexico Secretary of State's website, which Defendants attach to their Notice of Removal, lists Cornerstone Contractors as a "Domestic Limited Liability Company." Doc. 1-4. However, the Notice of Removal treats Plaintiff like a corporation, alleging its principal place of business and place of incorporation. If Plaintiff Cornerstone Contractors is indeed an LLC, the notice of removal must allege the citizenship of each LLC member.

The Court further notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). In keeping with this intent, the Court orders Plaintiff to file a Rule 7.1 notice within 14 days of the date of this Order (by December 11, 2023).

By January 3, 2024, Defendants shall file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Plaintiff file a corporate disclosure statement that fully complies with Rule 7.1(a)(2) no later than December 11, 2023.

**IT IS FURTHER ORDERED** that Defendants amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than By January 3, 2024.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by January 3, 2024, the Court may remand this action back to state district court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE